The State v. Smith.

---

THE STATE OF KANSAS v. JAMES SMITH.

No. 15,741.    ( 96 Pac. 39.)

SYLLABUS BY THE COURT.

1. MURDER—*Malice—Question for the Jury.* Malice is a material and important element in the crime of murder, and every defendant charged with that offense has the right to have the question of whether or not the act was actuated by malice submitted to the jury whenever there is evidence from which its absence can be inferred.

2. ——— *Proof of Malice.* Where a defendant is being tried for murder in the first degree, and the circumstances surrounding the homicide are shown, from which it appears that the accused fired the fatal shot immediately after being violently assaulted by the deceased, who was, when the shot was fired, apparently approaching the accused with a deadly weapon, it is error for the court to charge the jury that "proof of an unjustifiable killing is sufficient evidence of malice."

Appeal from Wyandotte court of common pleas; WILLIAM G. HOLT, Judge. Opinion filed May 9, 1908. Reversed.

STATEMENT.

JAMES SMITH was charged with murder in the first degree, and was convicted of murder in the second degree on March 2, 1907, in the court of common pleas of

Wyandotte county.  The homicide was committed in a joint, where the deceased, Mike Gilpin, was a bartender.  The appellant is a colored man.  He went into the joint, upon invitation of a white man by the name of McCarty, to get a drink.  They stepped up to the bar, and McCarty called for "the drinks."  Gilpin, thereupon, said to the appellant, "You get out of here, you God-damned black son of a bitch."  The appellant replied, "Oh, you are another son of a bitch."  The deceased then threw a heavy beer-glass, known as a "schooner," at the appellant, hitting him on the head, cutting a hole through his hatband and inflicting a wound which bled freely.  The deceased was behind the bar when the glass was thrown, and immediately dodged down and moved toward the end of the bar, at the same time placing his hand in his hip pocket, as if for a gun.  As the deceased was near the end of the bar, and apparently coming around on the outside, appellant shot and killed him.

Upon the trial the court gave the jury these instructions:

"(10) Malice is a material allegation of the information and ingredient of the crime of murder, in both the degrees thereof.  It includes not only anger, hatred and revenge, but also every unlawful and unjustifiable motive.  A malicious act is one that proceeds from a wicked and corrupt motive or a reckless disregard of the lives or personal safety of others, and indicates a heart regardless of social duty and fatally bent on mischief.  The terms 'express malice' and 'implied malice' are not to be understood as dividing malice into two distinct kinds of natures, for no such a distinction exists.  It is always actual malice that is intended; that is to say, malice shown by the evidence to have actually existed in the mind of the defendant toward the deceased.  The words 'express' and 'implied,' in this connection, refer only to the evidence by which the existence of malice is established, and it, being a state or condition of the mind, can never be proved by direct evidence, but must, in every case, be inferred from the facts proved before it can be found to exist.  Proof of

The State v. Smith.

an unjustifiable killing is sufficient evidence of malice.

"(11) The law, having regard for the infirmities of human nature, recognizes the fact that a man may be provoked to such an extent that in the heat of sudden passion, caused by adequate provocation and not from malice, he may fire a shot before he has had time to control himself; and, therefore, does not, in such case, punish him as severely as if he were guilty of deliberate homicide. Homicide thus committed is manslaughter. It is distinguished from murder by the absence of malice. The killing need not necessarily be unintentional. Intentional killing is only manslaughter if it is committed under and by reason of passion caused by what the law deems sufficient provocation. The law does not merely look to see if a man was provoked and enraged, and, if so, reduce the crime to manslaughter; but it also looks at the provocation and does not excuse him at all if it was not sufficient to excite his passion. The provocation must be sufficient in the eye of the law, or the crime is murder. It is also necessary that the act causing death shall be committed because of the provocation; otherwise malice would exist and the crime would be murder. A killing with malice can not be manslaughter. The provocation must deprive one of the power of self-control, but it need not entirely dethrone reason. Whether or not this was so in this case is to be determined by you from the particular circumstances, having regard to the nature of the act by which death was caused, the time which elapsed between the provocation, if any there appears from the evidence, and the act, and the conduct of the defendant during that time. The shot must not only have been inflicted while the defendant was under the influence of the provocation, but it must have been inflicted at once. If there was sufficient time for his passion to cool he is guilty of murder (unless he acted from justifiable motives), although his passion had not in fact subsided. This rule of law that killing, committed under the influence of sudden passion produced by adequate provocation, is manslaughter and not murder is founded, not upon any belief that malice or passion may not coexist in the mind of the slayer, but upon the legal presumption that the act can not proceed from both impulses. Either one or the other must be the dominant motive and give character to the act of the

killing. In the eye of the law, malice excludes passion, and passion presupposes the absence of malice. They can not coexist as the moving cause of a homicide."

"(20) Under the law of this state a homicide is justifiable when committed by any man in the lawful defense of his person when there shall be a reasonable cause to apprehend a design to do such man great personal injury, and when there shall be immediate danger of such design being accomplished."

*Joseph Taggart,* county attorney, and *Richard J. Higgins,* assistant county attorney, for The State.

*John A. Hale,* and *Henry E. Dean,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: Appellant insists that the trial court committed material and prejudicial error in giving the foregoing instructions. The special vice of instruction No. 10 is its last sentence, which reads: "Proof of an unjustifiable killing is sufficient evidence of malice." Objection is made to several clauses of instruction No. 11, the principal one being where the court says: "A killing with malice can not be manslaughter." Several other similar expressions, however, occur in the instruction. It is contended that these instructions, taken together, precluded the jury from finding a verdict of manslaughter in any degree. If "proof of an unjustifiable killing is sufficient evidence of malice," then, unless the defendant can be acquitted on the ground that the homicide was justifiable, he must be found guilty of murder, because "a killing with malice can not be manslaughter," and malice exists where the killing can not be justified. We agree with the appellant. The circumstances here shown make the question of malice material and important. The provocation given immediately preceding the fatal shot was serious, and under the law given in instruction No. 11 the jury might well have found that the shooting was done under the influence of passion, rather than malice, if this question had not been taken from them by instruction

No. 10. The question of malice in such a case is one of fact, and should be submitted to the jury. Had it been so submitted, the jury would have been amply justified in finding the defendant guilty of manslaughter instead of murder.

Many cases hold that where it is shown that a homicide is committed with a deadly weapon, and no other facts appear, the law will presume malice, and the court may so declare, but the rule is generally held to be otherwise where all the circumstances surrounding the killing are shown, and especially where, as in this case, the killing follows immediately after the accused has received a brutal and violent assault. The authorities are collected upon this subject in volume 21 of the Cyclopedia of Law and Procedure, at page 877.

Instruction No. 20 does not seem subject to serious criticism. When instructions numbered 21 and 22 are read in connection therewith, the law seems to be very fully and clearly stated. In fact, the instructions, taken as a whole, seem to be full, fair, and ably prepared; but the words to which objection is made are too important and serious to be overlooked. We think the appellant is entitled to a new trial.

The judgment is reversed, with directions to grant a new trial.